UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASISA BASS,

    Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC.,

    Defendant.

Case No. 25-cv-11405
Honorable Nancy G. Edmunds
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION
TO SUA SPONTE DISMISS THE ACTION**

**A.**

Plaintiff Asisa Bass, proceeding pro se, sues Defendant Experian Information Solutions, Inc. ECF No. 1. The Honorable Nancy G. Edmunds referred the case to the undersigned to resolve all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 8.

Finding that Bass did not properly serve Experian, the Court ordered her to show cause why the case should not be dismissed under Federal Rule of Civil Procedure 4(m). ECF No. 12. Bass responded that her medical condition prevented her from seeking a Clerk's entry of default

after Experian failed to answer the complaint. ECF No. 13. The Court now recommends that Bass's complaint be dismissed without prejudice.

**B.**

Rule 4(m) requires a plaintiff to serve a defendant within 90 days after filing the complaint. If the plaintiff does not do so, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that [unserved] defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If the plaintiff shows good cause for the failure, the Court must extend the time for service. *Id.*; *see also In re Lopez*, 292 B.R. 570, 574 (E.D. Mich. 2003). "Without proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant," and is "powerless to proceed to an adjudication." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) (cleaned up).

In May 2025, Judge Edmunds ordered Bass to provide service documents to the court for service of process by the U.S. Marshal Service, including a USM 285 form identifying the address at which Experian was to be served. ECF No. 6. Judge Edmunds also ordered Bass to file proof of service once service was completed. *Id.* Bass indicated on the USM 285 form that Experian was to be served at P.O. Box 2002, Allen, TX 75013—

2

Experian's general mailing address for credit disputes.  ECF No. 9, PageID.43.  In August 2025, Bass filed the certified mail receipt stamped by Experian showing delivery at the Allen address.  ECF No. 11.  But Bass did not properly serve Experian.

Under Federal Rule of Civil Procedure 4(h), a plaintiff must serve a corporation:

> (A)  in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B)  by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Rule 4(e)(1) authorizes service by following state-law service methods in the state where the action is pending or where service is made.  In Michigan, a plaintiff may serve a corporation by:

> (1)  serving a summons and a copy of the complaint on an officer or the resident agent; [or]
>
> (2)  serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation.

Mich. Ct. R. 2.105(D).  And if Texas is the correct state for service to take place, its laws provide that "the president and each vice president of a

3

domestic or foreign corporation is an agent of that corporation" for service of process. *Garner v. Bumble Inc.*, No. 3:21-cv-50457, 2023 WL 6065481, at *2-3 (N.D. Ill. Sept. 18, 2023) (quoting Tex. Bus. Orgs. Code § 5.255(1)) (cleaned up).

Thus, under federal, Michigan, and Texas law, Bass needed to serve Experian's officer, resident agent, or other authorized agent. She did not do so. Bass filed the complaint on May 14, 2025, and the 90-day service window has lapsed. In response to the show cause order, Bass asked for more time to seek a Clerk's entry of default but did not address her failure to properly serve Experian or express any intent to cure the defective service if the Court granted an extension. ECF No. 13.

## C.

The Court **RECOMMENDS** that the action be sua sponte **DISMISSED WITHOUT PREJUDICE** for failure to serve under Rule 4(m).

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: October 15, 2025

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation,

4

any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections lack merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 15, 2025.

                                      s/Davon Allen
                                      DAVON ALLEN
                                      Case Manager