UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ASISA BASS,<br><br>                 Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.,<br><br>                 Defendant. | Case No. 25-cv-11405<br>Honorable Nancy G. Edmunds<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING PLAINTIFF'S
MOTION TO CHANGE SERVICE ADDRESS
(ECF NO. 15)**

**A.**

Plaintiff Asisa Bass, proceeding pro se, sues Defendant Experian Information Solutions, Inc.  ECF No. 1.  The Honorable Nancy G. Edmunds referred the case to the undersigned to resolve all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 8.

After ordering Bass to show cause, the Court recommended that the case be dismissed under Federal Rule of Civil Procedure 4(m) for failure to serve Experian.  ECF No. 12; ECF No. 14.  Rather than serve Experian's officer, resident agent, or other authorized agent, Bass improperly mailed

the service documents to Experian's general postal address for credit disputes.  ECF No. 14, PageID.55-57.  Bass now moves for leave to serve Experian's registered agent, CT Corporation System, at 330 N. Brand Blvd., Suite 700, Glendale, CA 91203.  ECF No. 15.

**B.**

Bass seeks to serve Experian at another address after the summons expired under Rule 4(m).  The Court may modify deadlines for good cause.  Fed. R. Civ. P. 16(b)(4).  But when a party seeks an extension after the deadline, the Court must also apply Federal Rule of Civil Procedure 6(b).  *Century Indem. Co. v. Begley Co.*, 323 F.R.D. 237, 240-42 (E.D. Ky. 2018).  Under Rule 6(b), when a motion for extension is made after the relevant deadline, the moving party must show excusable neglect.  *Id.*  To decide whether a party's tardiness is due to "excusable neglect," courts weigh these equitable factors: "(1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith."  *Century Indem.,* 323 F.R.D. at 241-42.

Bass has not shown excusable neglect.  Bass knew that CT Corporation was Experian's registered agent and included the Glendale

2

address in her complaint.  ECF No. 1, PageID.2.  Yet she tried to serve Experian at its general postal address in Texas.  ECF No. 14, PageID.55-57.  Bass needed to serve Experian by August 12, 2025, but she did not try to correct the address even after the Court ordered her to show cause in September 2025.  ECF No. 12.  Instead, she waited until after the Court recommended dismissal to try to correct the service address, offering no explanation for why she failed to serve Experian's registered agent from the outset.

It has now been five months since Bass filed the action, and there is no guarantee that serving Experian at the Glendale address will be proper. Bass offers no discussion of why the Glendale address is proper or how she intends to effect service (e.g., by mail or personal service).  Given the already lengthy delay in serving Experian and the likelihood of further delays, the Court **DENIES** Bass's motion.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: October 22, 2025

## **NOTICE TO THE PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this report and recommendation,

any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections lack merit, it may rule without awaiting the response.

4

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 22, 2025.

                                              s/Davon Allen
                                              DAVON ALLEN
                                              Case Manager